IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LETIDAS LOGISTICS, LLC,
Individually and on behalf of all others
similarly situated,

    Plaintiffs,

v.                                                                                              CASE NO. 0:24-CV-61469

CITIBANK, N.A.,

    Defendant,

and

ROYAL BENGAL LOGISTICS, INC.,

    Nominal Defendant.
_____/

**PLAINTIFF'S UNOPPOSED MOTION FOR RECONSIDERATION/
CLARIFICATION REGARDING ORDER DENYING
MOTION FOR LEAVE TO FILE COMPLAINT UNDER SEAL**

Due to, perhaps, a lack of previous precision, Plaintiff, Letidas Logistics LLC ("Plaintiff"), individually and on behalf of all others similarly situated, by and through the undersigned counsel, hereby requests that the Court reconsider and/or clarify its Order on Plaintiff's Unopposed Motion for Leave to File Complaint Under Seal (D.E. 30), which was entered on Plaintiff's Unopposed Motion for Leave to File Complaint Under Seal or, in the Alternative, for Clarification (the "First Motion") (D.E. 25).

As further explained herein, Plaintiff is not seeking to have the entire Complaint sealed. As the Court will note from the Notice of Confidential Information Within Court Filing filed on the State court docket prior to Defendant's removal, the only thing that would be omitted from the public docket by the Court's granting of this motion (the "Second Motion") is a sixty-nine page

exhibit comprised of Nominal Defendant Royal Bengal Logistic's ("RBL") bank statements from their account with Defendant CitiBank, N.A. ("Citi") from October 20, 2021, to September 30, 2022. Because the Complaint itself was filed by Plaintiff in State Court, the Court does not, because of the removal, have access to the unredacted exhibit. The redactions made in this exhibit ("Exhibit 4" or the "Omitted Exhibit") were not made pursuant to Federal Rule of Civil Procedure 5.2—because Rule 5.2 is not applicable in Florida State court. For this reason, Plaintiff respectfully requests that the Court permit Plaintiff to file the original State court Complaint (which is currently on the public docket with Exhibit 4 fully redacted at Docket Entry 1-1)—with an unredacted Exhibit 4—under seal. Plaintiff is not seeking to seal the entire Complaint.

The result is that the Court will have the unredacted Exhibit 4 to the Complaint (D.E. 1-1), which is currently redacted because it was redacted in the removed State court document, for its consideration on the pending Motion to Dismiss (D.E. 11) and moving forward. Currently, the Complaint before the Court (D.E. 1-1) omits Exhibit 4, as that is how the case was removed by Citi.[1] Plaintiff is hopeful that, when Plaintiff has precisely identified exactly what is currently

---

[1] In Plaintiff's counsels' experience in this district and many others, when an action is removed, an Order is typically entered setting forth practices in removed cases, which sets forth some requirement that "the Removing Party must file copies of all records and proceedings in the state court proceedings." A true and correct copy of one such Notice of Court Practice in Removal Cases that the Honorable Judge Jose E. Martinez enters in his cases is attached hereto as **Exhibit A**. Another from the Honorable Judge Robin L. Rosenberg is attached hereto as **Exhibit B**, which requires "counsel for the removing party must file copies of all records and proceedings in the state court proceedings by the aforementioned date." Another from the Honorable Judge Rodolfo A. Ruiz is attached hereto as **Exhibit C**, which requires that "counsel for the removing party must file copies of all records and proceedings in the state court proceedings by the aforementioned date." A fourth, from the Honorable Judge Roy K. Altman, is attached hereto as **Exhibit D**, which requires "counsel for the removing must file copies of all records and proceedings before the state court."

As noted in the First Motion, "28 U.S.C. § 1447(b) provides that the Court can require a copy of all documents from the State court to be entered upon the federal court record—something that is typically done in this district by an order directing procedures upon removal, which was not entered

missing from the Court's docket—public and otherwise—the Court will agree that permitting the filing of the original State Court complaint, **with an unredacted Exhibit 4**,[2] under seal is the most efficient way to ensure that the Court has the entire Complaint on its docket. For these reasons and those that follow, and with Plaintiff's additional precision, Plaintiff requests that the Court enter an Order permitting the filing of the original State Court complaint, **with an unredacted Exhibit 4**, under seal.

1. Due to Plaintiff's previous lack of imprecision, it appears that the Court was under the impression that Plaintiff was seeking "sealing the entire Complaint." (D.E. 30.)

2. However, the factual allegations of what will appear under seal are identical to what already appear on the public federal docket at Docket Entry 1-1. As will Exhibit 1 through 3. The only difference is that the sealed version will remove the redactions made to Exhibit 4—that redact the entire document—by the Broward County Clerk in the State court proceeding.

3. Plaintiff's request to file the entirety of the original State court Complaint under seal may come from a flawed understanding of Southern District of Florida Local Rule 15.1 and previous practice in this district, where the preference is that the **entire filing** be reproduced in the sealed filing, not just the portion that is omitted from the public docket. This makes it much easier

---

here (quite possibly because of the transfer that took place once Plaintiff filed its Notice of Pending, Refiled, Related or Similar Actions) (D.E. 6.)."

Regardless of whether Plaintiff or Citi should ensure that Exhibit 4 is in the record, it is crucial as this case moves forward that the Court have a **complete** copy of the original Complaint, with Exhibit 4, that was present in the State court and served upon Citi.

[2] Exhibit 4 was partially redacted (most account numbers that were able to be quickly identified) prior to filing in State court. However, as noted herein, the Broward County Clerk simply redacted out the entirety of all of the pages of Exhibit 4. Thus, the "unredacted" version removes the Broward County Clerk's redactions and maintains the redactions that Plaintiff had included under the State court corollary to Federal Rule of Civil Procedure 5.2.

for counsel and the Court to have a *single* filing that contains the entire document that is pending before the Court.

4. However, as noted throughout, the *only* current Complaint before the Court (D.E. 1-1) simply has pages 76 through 146 redacted. This even includes the cover page (Page 76) that says, in its unredacted form, "Exhibit 4."

5. Therefore, pages 2 through 75 of the publicly available Complaint currently on the Court's docket (D.E. 1-1) will be identical to pages 1–74 of the Complaint that Plaintiff seeks to file under seal (*i.e.*, there are no redactions in pages 1 through 74 whatsoever).

6. The only portion of the Complaint that will be *solely* under seal if this Second Motion is granted is Exhibit 4.

7. Exhibit 4 is banking records of RBL that show all transactions in and out. In the original State court filing, Plaintiff provided redactions that are *largely* consistent with Federal Rule of Civil Procedure 5.2, but, Plaintiff also included a Notice of Confidential Information, noting that Exhibit 4 had confidential information in it. A true and correct copy of the Notice of Confidential Information is attached hereto as **Exhibit E**.

8. Beyond the control of either Plaintiff or Citi, the procedure in the Broward County Clerk's office is redact out the entirety of the pages where confidential information exists—which resulted in the redactions to pages 76 through 146 which currently exist in Docket Entry 1-1—from the document placed on the public docket. Citi then removed based on the public filing.

9. If the Court prefers, Plaintiff can simply file *only* Exhibit 4 under seal. However, as noted above, Local Rule 15.1 and previous practice in this district has shown that the preference is generally to reproduce *the entire filing* in the sealed filing, simply removing the redactions that are present in what is filed on the public docket.

10. Due to Plaintiff's imprecision, the Court has currently ordered that "Plaintiff [has] leave to file an Amended Complaint that comports with this Court's rules on redactions and sealing of judicial records such as complaints and their exhibits." (D.E. 30.)

11. However, Rule 1 reminds us that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

12. At this point, there is a pending Motion to Dismiss (D.E. 11), to which Plaintiff has already responded (D.E. 29). If Plaintiff is required to amend the Complaint, however, the Parties will have to re-file that briefing.

13. In addition, the Court's current order requires Plaintiff to amend but seems to permit only amendment to "comport[] with this Court's rules on redactions and sealing of judicial records . . . ." (D.E. 30 at 4.) But, this would still seemingly exhaust Plaintiff's single amendment as of right.

14. Because Citi has already moved to dismiss (D.E. 11), to the extent that the Court require Plaintiff to amend the Complaint to comply with Rule 5.2, Plaintiff would ask that the Court clarify that this is not a *substantive* amendment, only a procedural one to conform State court redacted pleadings to federal court rules, such that Citi cannot attempt to argue for dismissal *with prejudice* (which is already being done in docket entry 11) and that Plaintiff <u>has already amended the Complaint</u>.[3]

---

[3] This is why Plaintiff attaches Exhibit A through D. The burden to make sure that the federal docket is complete upon removal typically falls upon the removing party—here, Citi. Yet, it is Citi that neither sought permission from the Court to lodge Exhibit 4 under seal or to clarify how the Court wanted to ensure that the Court had access to Exhibit 4. Instead, Plaintiff is attempting to resolve any issues before they arise by ensuring that this is properly done, and requiring Plaintiff to use Plaintiff's amendment as of right—when Plaintiff complied with the State court procedure upon filing and it is only through removal by Citi that the issue was created—is inequitable at best.

15. Furthermore, while the Court sets forth the standard for permitting the sealing of documents, such standard is not required because of 28 U.S.C. Section 1447(b). All that Plaintiff is requesting is that Plaintiff be permitted to ensure that the Court has access to the same pleading—**with an unredacted Exhibit 4**—that the State court did. Requiring the non-removing party to satisfy a standard inapplicable in the State court to comply with Section 1447(b) creates an illogical result—it is analogous to attempting to require a Plaintiff to meet Article III or federal pleading standards inapplicable in State court.[4]

16. Once more, if the Court prefers that **only** Exhibit 4 be filed under seal, Plaintiff will happily lodge only Exhibit 4 under seal. But, even with Plaintiff requesting to lodge the original Complaint under seal, the public docket will continue to contain everything **other than Exhibit 4**. (D.E. 1-1.)

17. In the alternative, if the Court prefers that Plaintiff file an Amended Complaint, Plaintiff respectfully requests that if the only amendment permitted is to bring Exhibit 4 into compliance with Federal Rule of Civil Procedure 5.2 that the Court note that this is a procedural amendment only and not a substantive one.

## **CERTIFICATE OF CONFERRAL**

I hereby certify that I conferred regarding the relief sought in this motion with counsel for Citi via telephone and email. Counsel for Citi indicates no opposition to the relief sought herein to the extent that it would not re-start the briefing on the pending Motion to Dismiss. (D.E. 11.)

---

[4] For instance, to satisfy State court jurisdiction for circuit court, Plaintiff need allege that the amount in controversy is $50,000.00. To satisfy diversity, the amount in controversy requirement is $75,000.00. Upon removal, it is the burden of the removing defendant to satisfy the court that the amount in controversy meets the statutory requirement for this court—not for Plaintiff to amend the Complaint to allege the same.

Date:   October 21, 2024	Respectfully submitted,

**ZEBERSKY PAYNE SHAW LEWENZ LLP**

By:   */s/ Zachary D. Ludens*
       Jordan Alexander Shaw (FBN 111771)
       jshaw@zpllp.com
       Zachary Dean Ludens (FBN 111620)
       zludens@zpllp.com
       Lauren Nicole Palen (FBN 1038877)
       lpalen@zpllp.com
       110 Southeast 6th Street
       Suite 2900
       Fort Lauderdale, FL  33301
       954-595-6075
       ***Attorneys for Plaintiff Letidas Logistics, LLC***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document was filed with the Court's CM/ECF system this 21st day of October, 2024, and was filed on all counsel of record via notices generated by the same.

*/s/ Zachary D. Ludens*
Zachary D. Ludens